**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4666**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

WILLIAM LEE PAIT, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:12-cr-00187-BR-1)

_____

Submitted:  August 1, 2014        Decided:  September 3, 2014

_____

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

R. Clarke Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lee Pait, Jr., pled guilty, pursuant to a plea agreement, to production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (2012), and was sentenced to 600 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the evidence admitted at sentencing and the reasonableness of Pait's sentence. Pait was informed of his right to file a pro se brief but has not done so. The Government has filed a motion to dismiss this appeal on the ground that Pait knowingly and intelligently waived the right to appeal his sentence. For the reasons that follow, we dismiss in part and affirm in part.

In his plea agreement, Pait waived the right to appeal his sentence, except to the extent that it exceeded the Guidelines range established at sentencing. A defendant may waive the right to appeal if that waiver is knowing and intelligent and the issues raised on appeal fall within the waiver's scope. United States v. Davis, 689 F.3d 349, 354-55 (4th Cir. 2012) (per curiam). The validity of an appeal waiver "ultimately is evaluated by reference to the totality of the circumstances." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver

2

of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. Id. A review of the record reveals that the district court determined Pait was competent to plead guilty, had the opportunity to discuss his plea agreement with counsel, entered his guilty plea in the absence of threats or force, and understood the terms of his appeal waiver. Moreover, the sentence imposed did not exceed the advisory Sentencing Guidelines range. Thus, we conclude that Pait validly waived his right to appeal his sentence and that the claims raised on appeal fall within the scope of his waiver. See Davis, 689 F.3d at 354-55. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Pait's sentence.

Although the waiver provision in the plea agreement precludes our review of Pait's sentence, the waiver does not preclude our review of any errors in Pait's conviction that may be revealed by our review pursuant to Anders. In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. Thus, as to Pait's conviction, we deny in part the Government's motion to dismiss and affirm the conviction.

This court requires that counsel inform Pait, in writing, of his right to petition the Supreme Court of the United States for further review. If Pait requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Pait.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4