**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4772

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

MATTHEW PAUL BOROWSKI,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:12-cr-00131-BO-1)

Submitted: October 29, 2014          Decided: November 5, 2014

Before MOTZ, KING, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Paul Borowski pled guilty, pursuant to a written plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2012). As part of the agreement, Borowski waived "all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed," except a sentence in excess of the Guidelines range established at sentencing, and the right to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. He also agreed "[t]o make restitution to any victim including any victim with respect to a Count dismissed as part of the agreement in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A." The district court sentenced Borowski below the advisory Guidelines range to 174 months imprisonment and ordered him to make restitution in the sum of $8000 to "Cindy," a victim whose image was found within his pornography collection.

Borowski appeals, challenging the restitution order in light of the Supreme Court's recent decision in Paroline v. United States, 134 S. Ct. 1710 (2014). The Government contends that the appeal waiver forecloses Borowski's appeal of the restitution order. For the reasons that follow, we dismiss the appeal.

2

Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the defendant's waiver was knowing and intelligent and the issues raised on appeal fall within the scope of the agreement. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We review the validity of an appellate waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). To determine whether an appeal waiver is knowingly and intelligently entered, we examine the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

In this case, Borowski concedes that he agreed to an appeal waiver. He does not assert that the appellate waiver was not knowing or intelligent, or that his agreement to the waiver was in any way involuntary. Borowski expressly agreed to waive the right to appeal his sentence. "An order to pay restitution is a part of a criminal sentence." United States v. Grant, 715 F.3d 552, 554 (4th Cir. 2013). The terms of Borowski's waiver were "clear and unmistakable." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). We conclude that the waiver is valid.

Borowski does not challenge the adequacy of the court's advice regarding his appellate waiver, assert that he did not understand the waiver's terms, or contend that the restitution order does not fall within the scope of the appeal waiver. Rather, he contends that he should not be bound by the appeal waiver in his plea agreement because, if he had realized at the time he entered the plea that the Supreme Court would hear Paroline, he would have insisted that restitution be excluded from the appeal waiver. This argument is unavailing.

"The law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances — even though the defendant may not know the specific detailed consequences of invoking it." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). Additionally, "a party cannot ask to re-bargain the waiver of his right to appeal because of changes in the law," and such changes do not render an otherwise valid plea agreement unenforceable. Copeland, 707 F.3d at 529 (internal quotation marks and alteration omitted) (rejecting argument that subsequent authority in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), rendered appellate waiver unenforceable); see Blick, 408 F.3d at 169-73 (rejecting

4

argument that challenge to sentence under intervening authority in <u>United States v. Booker</u>, 543 U.S. 220 (2005), was outside scope of appellate waiver).  We conclude that the mere fact that, at the time of his guilty plea, Borowski failed to anticipate a Supreme Court decision addressing the calculation of restitution for victims of child pornography does not render his waiver unknowing or involuntary or otherwise relieve him of his appeal waiver.

We have reviewed the record and considered Borowski's arguments against enforcement of the waiver, and conclude that the appellate waiver was knowing, voluntary and therefore, enforceable.  Because restitution is part of the sentence and Borowski waived his right to appeal his sentence except on grounds not presented here, we also conclude that the issue he seeks to raise on appeal is within the scope of the appeal waiver.

Accordingly, we dismiss Borowski's appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>