**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4719**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GARY D. EASTERLING, a/k/a Gary Easterling, a/k/a Gary Smith, a/k/a Chew, a/k/a Black,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:13-cr-00114-1)

———————

Submitted: April 17, 2015          Decided: May 13, 2015

———————

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Stephen C. Leckar, KALBIAN HAGERTY LLP, Washington, D.C., for Appellant. Joseph Franklin Adams, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary D. Easterling ("Appellant") appeals his conviction and the 135-month sentence imposed by the district court following his guilty plea to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Appellant's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he found no meritorious grounds for appeal. Appellant filed a pro se supplemental brief in which he alleged that trial counsel was ineffective for failing to (1) adequately argue his Speedy Trial Act claims; (2) reserve in the plea agreement his right to appeal the district court's denial of his motion to dismiss based on alleged Speedy Trial Act violations; and (3) challenge the Government's standing to prosecute because of irregularities in the grand jury proceedings before counsel advised him to plead guilty.

The Government has filed a motion to dismiss Appellant's appeal based on the appellate waiver provision in the plea agreement. Neither Appellant nor his counsel oppose the motion. We grant the Government's motion.

We review de novo a defendant's waiver of appellate rights. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." Id.

2

(internal quotation marks omitted). To determine whether the waiver was knowing and voluntary, we look to the totality of the circumstances. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted). Our review of the record leads us to conclude that, under the totality of the circumstances, Appellant's waiver of appellate rights was knowing and voluntary, and the waiver provision is therefore valid and enforceable.

We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528 (internal quotation marks omitted). We conclude that all of the issues raised on appeal, other than the ineffective assistance claims, fall within the scope of the appellate waiver provision, as Appellant exempted from the waiver provision only the right to raise ineffective assistance claims on direct appeal. Therefore, we grant the Government's motion and dismiss the appeal to the extent that Appellant challenges his conviction and sentence on grounds other than ineffective assistance of counsel.

Turning to the ineffective assistance claims, we find that the record does not conclusively demonstrate that counsel's representation was deficient. See United States v. Galloway, 749 F.3d 238, 241 (4th Cir.), cert. denied, 135 S. Ct. 215 (2014); see also Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Thus, Appellant's claims must be brought in a motion filed pursuant to 28 U.S.C. § 2255 (2012). See Galloway, 749 F.3d at 241. Accordingly, we decline to consider these claims on direct appeal.

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore dismiss the appeal. This court requires that counsel inform Appellant, in writing, of his right to petition the Supreme Court of the United States for further review. If Appellant requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Appellant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4