**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4268**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

D'QUEL NAJAE WASHINGTON, a/k/a Problem,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Louise W. Flanagan, District Judge. (2:14-cr-00013-FL-1)

Submitted: November 24, 2015      Decided: December 3, 2015

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

D'Quel Najae Washington pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012) (Count 1), use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (Count 13), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924 (2012) (Count 15). The district court imposed concurrent 105-month low-end-of-the-Guidelines-range sentences on Counts 1 and 15, to be served consecutive to a mandatory minimum sentence of 60 months on Count 13.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues that are reviewable in light of Washington's appellate waiver, but arguing that the district court clearly erred in its drug quantity determination at sentencing. The Government filed a motion to dismiss the appeal on the ground that Washington knowingly and intelligently waived the right to appeal his conviction and sentence. Washington's counsel filed a response in opposition to the motion, citing our duty to review the record under Anders. Although informed of his right to file a pro se brief, Washington has not done so. We grant

2

the Government's motion to dismiss in part with respect to all issues falling within Washington's appellate waiver. As to those issues beyond the scope of the waiver and subject to review pursuant to our duty under Anders, we deny the Government's motion but affirm the district court's judgment.

We review de novo a defendant's waiver of appellate rights. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). A defendant may waive the right to appeal as part of a valid plea agreement. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). In assessing whether an appellate waiver bars a defendant's appeal, we analyze both the validity and the scope of the waiver. United States v. Blick, 408 F.3d 162, 171 n.10 (4th Cir. 2005). To determine whether Washington knowingly and intelligently waived his appellate rights, we look "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

3

Here, the terms of the waiver were clear and in plain English, informing Washington that he waived "the right to appeal the conviction and whatever sentence is imposed," including "any issues that relate to the establishment of the advisory Guideline range." At his Fed. R. Crim. P. 11 plea colloquy, Washington confirmed that he read and understood the plea agreement and its terms and that he had an opportunity to discuss the terms of the agreement with counsel. Furthermore, the district court questioned Washington regarding the plea waiver and Washington indicated that he understood the provision limited his ability to appeal his sentence.

Accordingly, considering the totality of the circumstances, we conclude that Washington knowingly and intelligently agreed to the appellate waiver. Therefore, we grant the Government's motion to dismiss with respect to all waivable issues, including whether the district court clearly erred in its drug quantity determination.

Nonetheless, because a valid appellate waiver provision in a plea agreement does not foreclose review of every issue that might be raised on appeal, we review the record, pursuant to Anders, for any nonwaivable issues. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (listing issues not waived by appellate waiver). Our review of the record in

4

accordance with <u>Anders</u> does not reveal the existence of any nonwaivable, meritorious issue.

We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to any issues for which waiver is legally permissible. We deny in part the Government's motion to dismiss with respect to any nonwaivable issues but affirm the district court's judgment as to any ground not encompassed by Washington's knowing and intelligent appellate waiver.

This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>