**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4240**

_____

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

      v.

ROBERT MAILLET,

                   Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:14-cr-00004-MR-DLH-1)

_____

Submitted: August 19, 2016         Decided: September 2, 2016

_____

Before SHEDD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Maillet pled guilty, pursuant to a plea agreement, to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (2012), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012). The district court imposed a downward variant sentence of 148 months' imprisonment and a lifetime term of supervised release. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. In his pro se supplemental briefs, Maillet questioned the procedural and substantive reasonableness of his terms of imprisonment and supervised release and asserted that counsel rendered ineffective assistance at sentencing. We ordered supplemental briefing, directing the parties to address whether the district court violated the Double Jeopardy Clause by convicting and sentencing Maillet for both receiving and possessing child pornography. The Government now moves to dismiss the appeal pursuant to the appeal waiver provision in Maillet's plea agreement. Maillet opposes dismissal. We grant the Government's motion and dismiss the appeal.

"We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "The

2

validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances . . . , including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [plea] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

In his plea agreement, Maillet waived his right to appeal his convictions and "whatever sentence is imposed," reserving only his right to appeal based on ineffective assistance of counsel and prosecutorial misconduct. The language of this appeal waiver is clear and unambiguous, and our review of the record reveals that Maillet understood its full significance. Accordingly, we conclude that Maillet's appeal waiver is valid and enforceable.

We also conclude that Maillet's double jeopardy argument and his challenges to the reasonableness of his sentence fall squarely within the scope of the waiver. Although Maillet's ineffective assistance claims are not waived, they are not cognizable on direct appeal "[b]ecause there is no conclusive evidence of ineffective

3

assistance on the face of this record." United States v. Faulls, 821 F.3d 502, 508 (4th Cir. 2016). Thus, Maillet's "claim[s] should be raised, if at all, in a 28 U.S.C. § 2255 motion." Id.

We have thoroughly reviewed the record in accordance with Anders and have identified no potentially meritorious issues that fall outside the scope of the appeal waiver. We therefore grant the Government's motion and dismiss Maillet's appeal. This court requires that counsel inform Maillet, in writing, of the right to petition the Supreme Court of the United States for further review. If Maillet requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maillet. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED