PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

LARRY JUNIOR COPELAND, a/k/a
La-la,

  *Defendant-Appellant.*

No. 11-4654

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Dever III, Chief District Judge.
(7:10-cr-00066-D-1)

Argued: December 7, 2012

Decided: February 25, 2013

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Dismissed in part and affirmed in part by published opinion. Judge Duncan wrote the opinion, in which Judge Motz and Judge Wynn joined.

## COUNSEL

**ARGUED:** Seth Allen Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY,

Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

**OPINION**

DUNCAN, Circuit Judge:

Larry Junior Copeland pleaded guilty to distributing five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). As part of his plea agreement, Copeland waived his right to appeal. Despite the waiver, Copeland now argues that the district court incorrectly calculated the applicable Sentencing Guidelines range and imposed an "illegal" and substantively unreasonable sentence. He also contends that the district court's denial of his motion to continue his sentencing hearing was an abuse of discretion, and that his attorney's failure to make a pre-hearing motion for a continuance constituted ineffective assistance of counsel. The government seeks to enforce Copeland's appeal waiver and has moved to dismiss this appeal. For the reasons that follow, we grant the government's motion to dismiss with regard to the sentencing issues that fall within the scope of Copeland's valid appeal waiver and affirm as to his contentions regarding the continuance.

I.

A.

After Copeland sold 28.7 grams of cocaine and 39.2 grams of crack cocaine to a confidential informant in early 2010, the government charged him, on June 2, 2010, with one count of distributing five or more grams of cocaine (Count One) and

one count of distributing five or more grams of crack cocaine (Count Two), both in violation of 21 U.S.C. § 841(a)(1). Subsequently, on June 28, 2010, the government provided Copeland notice, as required by 21 U.S.C. § 851, of its intent to seek an enhanced sentence under 21 U.S.C. § 841(b)(1)(B), based on Copeland's "prior conviction for a felony drug offense."[1]

On February 22, 2011, Copeland pleaded guilty to Count Two, distribution of five or more grams of crack cocaine. The parties memorialized their plea agreement in a six-page document in which the government agreed to move to dismiss Count One. In paragraph 2c of that agreement, Copeland consented:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the applicable advisory guideline range that is established at sentencing, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

S.J.A. 78-79. The waiver provision reserved the government's right to appeal. *Id.* at 79 ("The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law."). The agreement also set out the statutory sentencing ranges mandated by

---

[1]A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State." 21 U.S.C. § 802(44).

§ 841(b)(1)(b): a five- to forty-year term of imprisonment and at least four years of supervised release for distribution of five or more grams of crack cocaine, increased to ten years to life imprisonment and at least eight years of supervised release by the statutory enhancement. *Id.* at 80-81. The agreement states that "even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty." *Id.* at 81.

Before accepting Copeland's plea, the district court explained the sentencing ranges and the appeal waiver and questioned Copeland as to his understanding of those terms. The court first addressed a group of defendants, including Copeland, instructing them to make sure they "heard and understood" the court's comments. J.A. 21. Copeland indicated that he was represented by counsel, with whom he had discussed his case, and that he was "completely and fully satisfied with [her] legal services." *Id.* at 31. During the subsequent individual plea colloquy, the district court questioned Copeland as to his age and education level, which Copeland indicated included some college experience, and confirmed that Copeland recognized the import of his guilty plea.

After finding Copeland competent to proceed, the court explained that potential sentences included "not less than five years imprisonment, no more than forty years imprisonment, [and] at least four years of supervised release," but if Copeland was "subject to the enhancement under 21 U.S.C. § 851" "the potential penalties increase to a maximum term of imprisonment of life, a minimum term of imprisonment of ten years, [and] a minimum term of supervised release of eight years." J.A. 36-37. Copeland indicated his understanding of the potential penalties. He then confirmed that he had "read and discuss[ed] [the] entire plea agreement with [his] lawyer" before signing it and "underst[ood] each term" in it. *Id.* at 39.

The district court then specifically addressed Copeland's appeal waiver by reading it aloud and asking Copeland if he

"underst[ood] the appellate rights [he was] giving up in that paragraph." J.A. 40. Copeland replied, "Yes, sir." *Id.* The court cautioned that the plea contained no promise of a particular sentence and that Copeland could receive the statutory maximum. The court then accepted Copeland's guilty plea, finding it "freely and voluntarily" entered. *Id.* at 45.

B.

Before his June 9, 2011 sentencing hearing, the government relied on two of Copeland's prior state felonies to enhance the applicable statutory sentencing and advisory Guidelines ranges.

First, the government relied on Copeland's 2008 North Carolina conviction for felony possession of cocaine as a "prior conviction for a felony drug offense" to enhance the statutory sentencing range to ten years to life.[2] J.A. 13, 14a. Second, in preparing the PSR, the probation officer designated Copeland a "career offender" under United States Sentencing Guidelines § 4B1.1, based on two more prior felonies: a different 2008 North Carolina cocaine possession and manufacture felony[3] and a 1999 felony for assault with a deadly weapon.[4] The career offender designation increased Cope-

---

[2]The 2008 North Carolina felony conviction, located in Copeland's Pre-Sentence Report ("PSR") at Paragraph 14, carried a minimum sentence of eight months and a maximum sentence of ten months. J.A. 14a; S.J.A. 89.

[3]Copeland also received eight to ten months' imprisonment for the 2008 North Carolina conviction for felony possession and manufacture of cocaine, listed at Paragraph 18 of the PSR. S.J.A. 90, 95.

[4]Under § 4B1.1:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

land's Guidelines range from 70 to 87 months to 188 to 235 months.

Although Copeland could have received a maximum of ten months' imprisonment for each of the two state drug-related felonies, under our then-circuit precedent in *United States v. Harp*, a defendant's federal sentence could be enhanced based on conviction for a state felony "punishable" by more than one year of imprisonment if "*any* defendant charged with that crime could receive a sentence of more than one year," even if the defendant himself could not receive such a sentence. *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005) (emphasis in original).

## C.

Two months after Copeland's sentencing hearing, we overruled *Harp* and held that we must examine the sentence the defendant could have *actually* received when determining whether a state conviction can serve as a predicate felony for federal sentencing enhancement. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). That is, if a particular defendant "'could not have received a sentence in excess of twelve months' for his [state] conviction," the government cannot use it as a predicate for federal sentencing enhancement purposes. *Id.* at 239-40, 249 (quoting *United States v. Simmons*, 340 F. App'x 141, 143 (4th Cir. 2009)).

Copeland now argues, and the government concedes, that he no longer qualifies for the sentencing enhancements he received under § 841 and § 4B1.1 because the two drug-related state felonies the government used as predicates no longer qualify as felonies, as Copeland "'could not have received a sentence in excess of twelve months'" for those convictions. *Id.* at 239-40.

## D.

At Copeland's June 9, 2011 sentencing hearing, the district court accepted the PSR as accurate. Copeland did not file

written objections to the PSR, and when asked for objections at the hearing, Copeland's counsel said:

> [T]he only thing I would like to do is just to preserve for the record Paragraph 18. I was hoping that the *Simmons* rehearing would come back before now. Just at that Paragraph 18 that makes him a career offender . . . I would just like to preserve for the record that I would like to object to that.

J.A. 58. The court overruled the objection in light of our precedent in *Harp* and speculated that the Supreme Court's then three-day old ruling in *McNeill v. United States*, 131 S. Ct. 2218 (2011), might affect our then-pending en banc opinion in *Simmons*.

At that point, the government noted that the PSR incorrectly set the statutory penalty range at five to forty years; with the statutory sentencing enhancement, the PSR should have set the range at ten years to life. After the government clarified the correct statutory range, counsel for Copeland moved to continue the sentencing for two reasons: first, because Copeland claimed he was not "prepared for the 10 to life" sentence and second, because counsel stated she and Copeland were unfamiliar with *McNeill*. J.A. 60.

The district court found "no reason to continue" based on counsel's unfamiliarity with *McNeill*, as her objection to Copeland's classification as a career offender had been preserved in her objection about *Simmons* and Paragraph 18 of the PSR. J.A. 60. With respect to the applicable sentencing range, the district court ruled that the government had provided § 851 notice to Copeland of its intent to seek the enhanced range and had included the ten to life range in the signed plea agreement. The court explained that the enhanced range would not "change by continuing this matter." *Id.* at 60.

After announcing the Guidelines range as 188 to 235 months, the court heard statements from defense counsel, the government, and Copeland himself before turning to the applicable sentence. The court stated that it had "considered all arguments that [defense counsel] made on [Copeland's] behalf" as well as Copeland's statement and the Guidelines range. J.A. 66. It turned to the 18 U.S.C. § 3553(a) sentencing factors, noting that it had "considered all those factors" even if it did not "mention each one individually." *Id.* at 67. The court found the "nature and circumstances of the offense" to be "serious." *Id.* It noted that Copeland was intelligent and had some vocational skills, but had not "really worked at an honest job" and had "made . . . money other ways." *Id.* The court indicated concern that Copeland had "been convicted of a variety of felonies," "includ[ing] violent conduct," *id.* at 68, and also recognized Copeland's need for drug treatment. At that point, "having fully considered the entire record, the arguments of counsel, [and Copeland's] statement" the court announced a mid-range sentence of 216 months and a term of supervised release of eight years.[5] *Id.* at 68-69, 71. The court also announced an alternative variant sentence:

> I do announce that having fully considered the entire record in this case, that even if there has been a miscalculation of the advisory guideline range pursuant to *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006) and the Fourth Circuit's decision in *United States v. Savillon-Matute*, which was issued on February 18, 2011, the court announces an alternative variant sentence. I would impose the very same sentence even if I have incorrectly calculated the advi-

---

[5]In its brief and at oral argument, the government contended that the district court exceeded its statutory authority in sentencing Copeland to eight years of supervised release and asked that his term of release be reduced to three years. Appellee's Br. at 24 n.4. After oral argument, the government moved to submit supplemental briefing retracting its concession and request regarding the term of supervised release, which we granted. Notably, Copeland did not file a response.

sory guideline range, having fully considered all the 3553(a) factors.

*Id.* at 70. The court reminded Copeland that he had waived his right to appeal. *Id.* at 71. This appeal followed.

## II.

On appeal, Copeland contends that the district court erred in classifying him as a career offender and that his 216-month sentence is substantively unreasonable. Specifically, Cope-land argues that, in light of *Simmons*, he should not have been subject to the enhanced statutory sentencing range under § 841(b)(1)(B) or designation as a career offender under § 4B1.1, since he could not have received more than one year of imprisonment for the state felonies used as predicates for the enhancements. Copeland also contends that, because the district court exceeded its authority by imposing an "illegal" eight-year term of supervised release, his appeal falls outside the scope of his waiver. He argues that the district court abused its discretion in denying his motion for a continuance of his sentencing hearing, and that his counsel's failure to make a pre-hearing motion to continue the sentencing consti-tuted ineffective assistance. We address the threshold question of whether Copeland's appeal waiver precludes him from pre-senting his sentencing arguments, and find that it does. We then turn to his contentions regarding the continuance.

## A.

We first examine whether Copeland entered a valid waiver. We review the validity of an appeal waiver de novo, and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012) (citing *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005)).

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary."

*Id.* at 354 (4th Cir. 2012) (citation omitted). Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, "the issue ultimately is evaluated by reference to the totality of the circumstances." *Blick*, 408 F.3d at 169 (internal quotation omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Here, the record establishes that Copeland knowingly and intelligently waived his right to appeal. During the plea colloquy, Copeland affirmed that he had "read and discuss[ed] [the] entire plea agreement with [his] lawyer" before signing it, and that he "underst[ood] each term" in it. J.A. 39. After explaining the potential penalties to Copeland, the district court read the appeal waiver aloud and questioned Copeland as to whether he "underst[ood] the appellate rights [he was] giving up in that paragraph." *Id.* at 40. Copeland replied that he did. *Id.* Therefore, we find Copeland's appeal waiver valid.

B.

1.

We next consider whether Copeland's sentencing challenge falls within the scope of his valid appeal waiver. Copeland primarily contends that the fact that the applicable Guidelines range would have been lower under *Simmons* renders the district court's 216-month sentence substantively unreasonable. The government responds that issues related to the appropriate Guidelines range "fall[ ] squarely within the scope of [Copeland's] appeal waiver." Appellee's Br. at 19.

We agree. We addressed the ongoing validity of an appeal waiver in light of a subsequent change in the law in *Blick*. There, the defendant entered his plea agreement and received

his sentence before the Supreme Court decided *United States v. Booker*, 545 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory. 408 F.3d at 170. Blick argued that he should be resentenced in light of *Booker*, despite the fact that the appeal waiver in his plea agreement barred him from appealing "any sentence within the maximum provided in the statute of conviction." *Id.* at 169. We dismissed Blick's claim as within the scope of his valid appeal waiver, holding that "[a]lthough the law changed after Blick pled guilty, his expectations (as reflected in the plea agreement) did not." *Id.* at 173. Indeed, "Blick was sentenced precisely in the manner that he anticipated." *Id.* We emphasized that "[p]lea bargains rest on contractual principles" and noted that "each party should receive the benefit of its bargain," *id.* (internal citation and quotation omitted), such that a party "cannot . . . ask to re-bargain the waiver of his right to appeal because of changes in the law," *id.* at 170 (quoting *United States v. Lockett*, 406 F.3d 207, 214 (3d Cir. 2005)).

Further, in *United States v. Brown*, we addressed an appeal waiver in which the defendant waived his right to appeal "whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3472," the statute that "provides for 'review of an otherwise final sentence if the sentence . . . was imposed as a result of an *incorrect application* of the guidelines.'" 232 F.3d 399, 404 (4th Cir. 2000) (quoting 18 U.S.C. § 3742(a)(2)). We found Brown's subsequent challenge to his classification as a career offender under U.S.S.G. § 4B1.1 within the scope of his appeal waiver because Brown "expressly waived his right to appeal whatever sentence the court imposed, 'including' one based on an asserted 'incorrect application' of the Guidelines." *Id.* at 404.

Copeland's argument that he should receive the benefit of *Simmons* on appeal is analytically indistinguishable from those in *Blick* and *Brown*. Copeland expressly waived "the right to appeal whatever sentence is imposed, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right

to appeal from a sentence in excess of the applicable advisory guideline range *that is established at sentencing*." J.A. 78 (emphasis added). Like Blick, Copeland was sentenced within the appropriate Guidelines range established at the time of sentencing, "precisely in the manner he anticipated." 408 F.3d at 173. Copeland cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law. *Id.* Like Brown, his claims amount to a Guidelines challenge he waived by limiting his right to appeal only "from a sentence in excess of the applicable advisory guideline range that is established at sentencing." We are thus compelled to conclude that Copeland's claims regarding the application of *Simmons* fall within the scope of his valid appeal waiver.[6]

2.

In addition to arguing that the Guidelines range should have been adjusted under *Simmons*, Copeland also contends that the eight-year term of supervised release he received in addition to his term of incarceration "exceeded the District Court's statutory authority" so as to render his sentence "illegal." Appellant's Reply Br. at 4. Copeland disputed the legality of his sentence for the first time in his reply brief. Although generally we will not consider issues raised for the first time in a reply brief, *Yousefi v. I.N.S.*, 260 F.3d 318, 326 (4th Cir. 2001), we consider Copeland's argument in light of oral argument and supplemental briefing by the government.

We recognize that an "appeal waiver does not always preclude an appeal," such that "even a knowing and voluntary waiver of the right to appeal cannot prohibit the defendant from challenging a few narrowly-construed errors." *United*

---

[6]Our conclusion is clearly distinguishable from our holding in *United States v. Jones*, in which, unlike the case before us, "the government [did] not seek to enforce the waiver." 667 F.3d 477, 486 (4th Cir. 2012). Since "we will not sua sponte enforce [the waiver]," Jones's case was rightly remanded to the district for resentencing in light of *Simmons*. *Id.*

*States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). We have recently clarified that the type of "illegal" sentence which a defendant can successfully challenge despite an appeal waiver "involv[es] . . . fundamental issues," including claims that "a district court exceeded its authority," premised its sentence "on a constitutionally impermissible factor such as race," or violated the "post-plea . . . right to counsel." *Thornsbury*, 670 F.3d at 539; *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute.").

Copeland's specific argument in this regard implicates the applicability of the Fair Sentencing Act of 2010 (the "FSA"). The FSA, which had been passed at the time Copeland pleaded guilty but was subsequently made retroactive in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), would have the effect of bringing Copeland's plea to distributing five or more grams of crack cocaine within the ambit of § 841(b)(1)(C) rather than § 841(b)(1)(B).

Even if we assume that the FSA applies, in light of our analysis in *Blick*, the statute authorizes a term of "*at least three years*" of supervised release. 21 U.S.C. § 841(b)(1)(C) (emphasis added). Our holding in *United States v. Pratt*, 239 F.3d 640, 647 (4th Cir. 2001), forecloses Copeland's argument. There, we clarified that "three years is only the *minimum* term of supervised release permitted by § 841(b)(1)(C)." *Id.* Despite being given the opportunity to do so, Copeland fails to dispute *Pratt*'s applicability. Moreover, he asserts no other bases of purported illegality. Therefore, Copeland's attempts to characterize his sentence as "illegal" and outside the scope of his appeal waiver fail. As his 216-month sentence falls within both the applicable Guidelines range established at the time of sentencing and the statutory terms authorized by §§ 841(b)(1)(B) and (C), Copeland's sentence cannot be "illegal" for purposes of circumventing the appeal waiver.

C.

We next examine whether the district court erred in denying Copeland's motion to continue his sentencing hearing. We review the denial of a motion for a continuance for abuse of discretion. *United States v. Midgett*, 488 F.3d 288, 297 (4th Cir. 2007). A district court abuses its discretion when its denial of a motion for continuance is "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quotation omitted). "[E]ven if such an abuse [of discretion] is found, the defendant must show that the error specifically prejudiced h[is] case in order to prevail." *United States v. Williams*, 445 F.3d 724, 739 (4th Cir. 2006) (citation and quotation omitted).

Assessed under this deferential standard, it was not an abuse of discretion for the district court to deny Copeland's motion for a continuance, either because "he wasn't prepared for the 10 to life" sentencing range, or because counsel was unfamiliar with a Supreme Court decision. As to the former, the district court explained that the written plea agreement specified the enhanced statutory range and the United States filed a § 851 statement of its intent to seek the enhanced range. The district court further explained the enhanced penalty to Copeland at the plea hearing. Copeland therefore had ample notice of the potential sentence. Nor did the district court abuse its discretion in not allowing a continuance so that Copeland could familiarize himself with a recent Supreme Court opinion with no demonstrable effect on his case. In light of the fact that Copeland's June 9, 2011 sentencing had been scheduled for over three months, the district court's denial of additional time for preparation was neither unreasoning nor arbitrary. *See United States v. Hedgepeth*, 418 F.3d 411, 424 (4th Cir. 2005) (considering amount of time defense counsel had had to prepare for sentencing in finding

that district court's denial of continuance of sentencing hearing was not an abuse of discretion).[7]

### III.

For the foregoing reasons, Copeland's appeal is dismissed in part and his conviction is affirmed.

*DISMISSED IN PART AND*
*AFFIRMED IN PART*

---

[7]Copeland's argument that his trial counsel was constitutionally ineffective because she failed to move for a continuance before his sentencing hearing also fails. "Claims of ineffective assistance of counsel are normally raised before the district court via 28 U.S.C. § 2255 and are cognizable on direct appeal only where it conclusively appears on the record that defense counsel did not provide effective representation." *United States v. Powell*, 680 F.3d 350, 359 (4th Cir. 2012) (internal citation and quotation omitted). There is no such conclusive appearance here.