**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-6188**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAMAR LEON PRESSEY,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:09-cr-00047-FL-1; 7:12-cv-00232-FL)

———————————

Submitted: June 25, 2014        Decided: September 15, 2014

———————————

Before KING, SHEDD, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Jamar Leon Pressey, Appellant Pro Se. William Miller Gilmore, Assistant United States Attorney, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Leon Pressey appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. In his motion, Pressey attacked his career offender sentence in light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The district court rejected the § 2255 motion on two grounds—as untimely under § 2255(f) and as barred by the waiver of appellate and postconviction rights contained in Pressey's plea agreement. The district court granted a certificate of appealability on both issues. 28 U.S.C. § 2253(c) (2012). We review the district court's legal conclusions de novo. United States v. Fulks, 683 F.3d 512, 516 (4th Cir. 2012), cert. denied, 134 S. Ct. 52 (2013).

We have reviewed the record and affirm the district court's dismissal of Pressey's § 2255 motion because the claim raised by Pressey is barred by his waiver of postconviction rights, and that waiver was properly invoked by the Government. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Pressey does not challenge the validity of his waiver, but contends that it should not foreclose his Simmons claim because he could not have reasonably foreseen this dramatic change in law. However, Pressey "cannot

2

invalidate his . . . waiver now to claim the benefit of subsequently issued case law." United States v. Copeland, 707 F.3d 522, 529 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013) (rejecting similar Simmons claim in a direct appeal). The issue Pressey raises is within the scope of his broad waiver and the district court properly rejected it on this basis.

Therefore, we affirm the decision of the district court. Because we conclude that the district court was correct in enforcing Pressey's waiver of his postconviction rights, we need not and do not address the court's ruling as to the timeliness of the § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED