**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4848**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

NAKIA MONICA BROWN,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L.
Voorhees, District Judge.  (5:12-cr-00020-RLV-DSC-1)

───────────

Submitted:  May 19, 2015                Decided:  May 22, 2015

───────────

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Sandra J. Barrett, Asheville, North Carolina, for Appellant.
Jill Westmoreland Rose, Acting United States Attorney, Anthony
J. Enright, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nakia Monica Brown appeals her sentence for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (b) (2012). Brown argues that the district court lacked an adequate factual basis for determining the loss and restitution amounts and that counsel was ineffective for failing to raise this issue. The Government argues that Brown's sentencing challenges are barred by the appeal waiver in her plea agreement. We dismiss the appeal.

Pursuant to a plea agreement, a defendant may waive her appellate rights under 18 U.S.C. § 3742 (2012). United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). A waiver will preclude an appeal of "a specific issue if . . . the waiver is valid and the issue . . . is within the scope of the waiver." Id. Whether a defendant validly waived her right to appeal is a question of law that we review de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Our review of the record leaves us with no doubt that Brown knowingly and voluntarily waived her appellate rights and that the sentencing claims raised on appeal fall within the scope of her valid waiver.

The waiver, however, does not preclude our consideration of Brown's claim of ineffective assistance of counsel. Brown

2

asserts that counsel was ineffective by failing to challenge the loss and restitution amounts at sentencing. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Galloway, 749 F.3d 238, 241 (4th Cir.), cert. denied, 135 S. Ct. 215 (2015). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687-88 (1984), we decline to review this claim in this direct appeal.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3