**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4380**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LARRY WAYNE AIKEN,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:14-cr-00022-RLV-DSC-1)

Submitted: February 29, 2016        Decided: March 22, 2016

Before KING and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Wayne Aiken pled guilty, pursuant to a written plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012). The district court sentenced Aiken to the statutory mandatory minimum sentence of 120 months' imprisonment. On appeal, Aiken argues that he was denied effective assistance of counsel. The Government seeks to enforce the appellate waiver provision of the plea agreement and has moved to dismiss Aiken's appeal. In response, Aiken does not challenge the validity of the waiver, see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013), but asserts that the issue he raises on appeal is outside the scope of the waiver, see United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015).

In his plea agreement, Aiken agreed to waive his right to appeal his conviction and sentence but reserved his right to raise on appeal issues of ineffective assistance of counsel or prosecutorial misconduct. Thus, Aiken's claim that counsel was ineffective at sentencing is outside the scope of the waiver and is subject to appellate review. Accordingly, we deny the Government's motion to dismiss. Nevertheless, unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d

424, 435 (4th Cir. 2008).  Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.  United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because the record here does not conclusively establish ineffective assistance of counsel, we conclude that Aiken's claim should be raised, if at all, in a § 2255 motion.  Thus, we decline to review this claim on direct appeal.

Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3