**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4111**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARRELL TRAVIS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:14-cr-00104-FL-1)

Submitted:  December 14, 2016       Decided:  December 21, 2016

Before DUNCAN, AGEE, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Peter Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Travis pled guilty pursuant to a written agreement to possession of a firearm and ammunition while under a domestic violence protection order, in violation of 18 U.S.C. §§ 922(g)(8), 924 (2012). The district court sentenced Travis within the Sentencing Guidelines range to a term of 57 months' imprisonment. On appeal, Travis challenges the calculation of his Guidelines range. The Government seeks to enforce the appellate waiver provision of Travis' plea agreement.

"It is well settled that a criminal defendant may waive the statutory right to appeal his sentence." United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). This court "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). Travis does not contest the validity of the appeal waiver.

We have reviewed the record and considered Travis' arguments against enforcement of the waiver. We conclude that the waiver is enforceable and that the issue on appeal — establishment of the Guidelines range of imprisonment — falls squarely within the scope of the waiver. Accordingly, we grant the Government's motion and dismiss Travis' appeal. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED
