**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4762**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SHIRITA MARIE JAMES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, District Judge.  (2:16-cr-00008-BO-1)

Submitted:  April 17, 2017                           Decided:  April 26, 2017

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Shirita Marie James pled guilty to conspiracy to distribute and to possess with intent to distribute 500 or more grams of cocaine and a quantity of marijuana. She was sentenced to 135 months in prison. James appeals, contending that her sentence is procedurally and substantively unreasonable. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. James opposes the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived her right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether

the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

In her plea agreement, James agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

At her Fed. R. Crim. P. hearing, James informed the court that she was 37, had a GED, was not under the influence of alcohol or drugs, and was satisfied with her lawyer, with whom she had had enough time to prepare for the hearing. The court explained her rights, the nature of the charge, and the penalties she faced. James said that she understood. She indicated that she was pleading guilty of her own volition and that she was guilty. She acknowledged that she had signed the written plea agreement, whose terms her lawyers had explained to her. The court reviewed the agreement and specifically inquired about the waiver provision. James stated that she had agreed to the

3

waiver.  Under the totality of the circumstances, we conclude that the waiver was knowing and intelligent.

B

Under *Blick*, the next question is whether the issues James seeks to raise on appeal fall within the scope of the waiver.  The only issue raised in the brief is whether the sentence is procedurally and substantively reasonable--an issue clearly encompassed by the waiver.

II

We therefore grant the motion to dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*