**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4570**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

        v.

WALTER LEE EARLY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00076-WO-1)

---

Submitted:  May 30, 2017                          Decided:  June 8, 2017

---

Before GREGORY, Chief Judge, and WILKINSON and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Lee Early appeals the district court's judgment revoking his supervised release and sentencing him to 12 months' imprisonment and a subsequent term of 24 months' supervised release. Early contends that insufficient evidence supported the court's finding that Early violated a condition of supervised release. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion" and its "factual findings underlying a revocation for clear error." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir.), *cert. denied*, 136 S. Ct. 494 (2015); *see United States v. Alvarado*, 840 F.3d 184, 189 (4th Cir. 2016) (providing standard for abuse of discretion).

The district court found by a preponderance of the evidence that Early violated his supervised release by committing an affray or, alternatively, an assault, in violation of N.C. Gen. Stat. § 14-33(a) (2015). In his opening brief, Early challenges only the court's affray finding. Although Early's reply brief also challenges the court's assault finding, "generally we will not consider issues raised for the first time in a reply brief." *United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013). Moreover, the record clearly establishes by a preponderance of the evidence that Early engaged in an assault, thereby violating a condition of supervised release. Thus, we need not address the affray issue in order to conclude that revocation was not an abuse of the court's discretion.

2

Accordingly, we affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*