**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4606**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

   v.

MICHAEL P. KLEKAMP,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:16-cr-00141-HEH-1)

Submitted:  February 26, 2018      Decided:  March 14, 2018

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Andrew M. Stewart, DENNIS, STEWART, KRISCHER & TERPAK, PLLC, Arlington, Virginia, for Appellant.  David Thomas Maguire, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Michael P. Klekamp pled guilty to bank fraud. He was sentenced to 51 months in prison. Klekamp appeals, contending that his sentence is procedurally unreasonable. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. Klekamp opposes the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th

2

Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

Klekamp's plea agreement included the following provision:

> The defendant . . . knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. . . .

At his Fed. R. Crim. P. 11 hearing, Klekamp informed the court that he was born in 1949, had a master's degree, was not under the influence of alcohol or drugs, and was satisfied with his lawyer. The court explained Klekamp's rights, the nature of the charge, and the penalties he faced. Klekamp said that he understood. He indicated that he was pleading guilty of his own volition and that he was guilty. He acknowledged that he had signed and comprehended the written plea agreement. The court reviewed the agreement and specifically inquired about the waiver provision. Klekamp stated that he understood the waiver. Based on the totality of the circumstances, we conclude that the waiver was knowing and intelligent.

B

Under *Blick*, the next question is whether the issue Klekamp seeks to raise on appeal falls within the scope of the waiver. The only issue raised in the brief is whether the sentence is procedurally reasonable--an issue clearly encompassed by the waiver.

3

## II

We therefore grant the motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*