**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4104**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAHKEEM LEE MCDONALD, a/k/a Hitman, a/k/a Big Keem,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00229-MOC-DCK-12)

Submitted: July 23, 2018                                  Decided: July 31, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert C. Carpenter, DUNGAN, KILBOURNE & STAHL, P.A., Asheville, North Carolina, for Appellant. Anthony Joseph Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Rahkeem Lee McDonald pled guilty to: RICO conspiracy, 18 U.S.C. §§ 1962(a), (d) (2012) (Count One); and two counts of murder in aid of racketeering and aiding and abetting, 18 U.S.C. §§ 1959(a)(1), 2 (2012) (Counts Seven, Nine). McDonald was sentenced to 360 months on Count One and to life on Counts Seven and Nine, to run concurrently. McDonald appeals, raising three issues. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement, and McDonald opposes the motion. We grant the motion and dismiss the appeal.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver

2

language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

At the Fed. R. Crim. P. 11 hearing, McDonald informed the court that he was not under the influence of alcohol, drugs, or medicine of any kind. His mind was clear. He understood the charges against him and the penalties he faced, admitted his guilt and stated that he wished to plead guilty. He stipulated that the factual basis filed with the court was accurate. McDonald denied being threatened, coerced, or intimidated into pleading guilty, stated that no promises other than those in the plea agreement had induced his plea, and confirmed that he understood the terms of the agreement. McDonald expressed satisfaction with the services of counsel. Our review of the hearing transcript discloses substantial compliance with the Rule.

McDonald's plea agreement provided:

> The defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct. The defendant also knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed with the two exceptions set forth above.

3

At the Rule 11 hearing, the court asked McDonald, "[D]o you understand that the right to appeal your conviction and/or your sentence has been expressly waived in your plea agreement?" McDonald responded, "Yes, sir."

We conclude that McDonald's waiver of the right to appeal his conviction and sentence is valid and enforceable. Notably, the court specifically questioned him about the waiver, which was clearly set forth in a separate paragraph of the plea agreement. Based on the totality of the circumstances, we find that McDonald knowingly and intelligently waived his right to appeal.

B

In his brief, McDonald raises three issues. He contends that the plea is invalid because he received no consideration in exchange for the plea, the plea agreement is void because it did not define "substantial assistance," and the district court erred when it stated at sentencing that it had no authority to review the Government's decision not to move for a departure below the statutory mandatory minimum. These issues clearly fall within the scope of the waiver. *See Blick*, 408 F.3d at 169.

II

We accordingly grant the motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4