**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2258

CURTIS E. DAVIS, Trustee U/W/A Dated July 15, 1997; REBA M. DAVIS, his wife,

        Plaintiffs,

LARRY AUSTIN,

        Defendant – Appellant,

    v.

UNITED STATES OF AMERICA, Department of Treasury; INTERNAL REVENUE SERVICE,

        Defendants – Appellees,

    and

ELLEN FRIEND; HELEN AUSTIN RYAN; RAYMOND AUSTIN, heirs of; OTELLA AUSTIN; VIRGIL W. DAVIS; RODNEY HUBBARD, d/b/a Rodney Hubbard & Son Logging; EQUABLE ASCENT FINANCIAL,

        Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Omar Jawdat Aboulhosn, Magistrate Judge. (1:16-cv-02755)

Submitted: August 31, 2018               Decided: September 11, 2018

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Floyd E. Boone, Jr., Patrick C. Timony, BOWLES RICE LLP, Charleston, West Virginia, for Appellant. Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Thomas J. Clark, Gretchen M. Wolfinger, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael B. Stuart, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Austin appeals the magistrate judge's January 25, 2017, order granting the United States' motion to compel his compliance with discovery requests, February 15, 2017, order granting the United States' Fed. R. Civ. P. 37 motion for default judgment as a sanction for his failure to participate in discovery, and September 26, 2017, order denying his motion to reconsider the February 15 order. Austin confines his appeal to challenging the February 15 and September 26 orders only. We affirm.

We review the imposition of discovery sanctions, including the imposition of a default judgment, for abuse of discretion. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011); *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). "A court abuses its discretion when its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 156 (4th Cir. 2017) (internal quotation marks omitted).

The magistrate judge, in his discretion, had both the inherent authority and authority under Rule 37 to sanction Austin for his uncontested failures in this case to respond to the United States' second request for interrogatories and production, comply with the January 25 order, and attend his previously noticed deposition. *See* Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi); *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013); *Anderson*, 155 F.3d at 504–05. "A court's inherent power includes the ability to order the dismissal of a case." *Projects Mgmt. Co.*, 734 F.3d at 373. Before

exercising its inherent power to dismiss based on the wrongdoing of a party in the judicial process,

> a court must consider the following factors: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that [courts] seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*United States v. Shaffer Equip. Co*., 11 F.3d 450, 462-63 (4th Cir. 1993).

Additionally, if a party fails to obey an order to provide or permit discovery, fails to appear for a deposition, or fails to serve a response after being served with interrogatories or a request for production, a district court may order sanctions, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi), (d)(1)(A), (3). Courts must consider the following factors in determining whether to sanction a party with default judgment under Rule 37: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary . . . ; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989).

With these standards in mind and after review of the record and the parties' briefs, we conclude that Austin fails to establish reversible error in the February 15 and September 26 orders. We reject Austin's claim, raised for the first time on appeal, that vacatur of the orders is warranted because the default judgment violated Fed. R. Civ. P.

4

54(c). *See Karpel v. Inova Health Sys. Servs*., 134 F.3d 1222, 1227 (4th Cir. 1998). We also reject as unexplained, unsupported by the record, and unsupported by citations to relevant authorities, *see Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015), Austin's challenges to the magistrate judge's rulings on prejudice and the availability and effectiveness of sanctions other than default judgment. Although Austin develops his arguments regarding prejudice and sanctions other than default judgment in his reply brief, these developed arguments are raised for the first time in that brief, and we therefore do not consider them. *United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013).

Austin further claims that the magistrate judge abused its discretion in entering a default judgment against him and denying reconsideration because he did not receive actual notice of the scheduled deposition, the discovery requests, the motions to compel and for default judgment, and the magistrate judge's orders granting the motion to compel and granting the motion of his former counsel to withdraw as counsel of record. Austin's counsel, however, received notice of the scheduled deposition and the United States' discovery requests, and, after counsel withdrew from the case, the United States' motions and the magistrate judge's orders were mailed to Austin at his last known mailing address. Austin wholly fails to explain how—in light of this record and the lack of evidence in it establishing he ever informed his attorney, the district court, or counsel for the United States of relevant changes in his contact information—the notice of the discovery requests, motions, and orders was deficient. We also reject as without merit Austin's reliance as part of his notice argument on this court's decisions in *Hathcock v.*

5

*Navistar Int'l Transp. Corp.*, 53 F.3d 36 (4th Cir. 1995), and *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494 (4th Cir. 1977). These cases are distinguishable from the subject case because the defaulted parties were participating in them; the cases further did not require the magistrate judge to have provided Austin with notice he intended to enter default judgment as a discovery sanction.

Finally, Austin challenges the magistrate judge's determinations in the February 15 and September 26 orders that he acted in bad faith. We conclude, however, that the magistrate judge's determinations are amply supported by the record surrounding Austin's failure to act once he learned that counsel had withdrawn from the case. *See Austin v. United States*, No. 1:16-cv-02755 (S.D.W. Va. Sept. 26, 2017).

Austin fails to establish reversible error by the magistrate judge, and we therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6