**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4407**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLARENCE MURRAY, a/k/a Clarence J. Murray,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:17-cr-00011-1)

Submitted: October 23, 2018                     Decided: October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Timothy Doyle Boggess, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Murray pled guilty, pursuant to a written plea agreement, to distribution of heroin, 21 U.S.C. § 841(a)(1) (2012), and was sentenced as a career offender to 188 months' imprisonment. He appeals, challenging the career offender enhancement. The United States moves to dismiss the appeal based upon the waiver of appellate rights provision in the plea agreement.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that: (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General,* 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court specifically questions the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017).

We have reviewed the record and find that Murray knowingly and intelligently waived his right to appeal and that the issue he seeks to raise lies within the scope of the

2

waiver.  Therefore, we grant the motion to dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*