**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4871**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY TROY WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00014-D-1)

Submitted:  August 30, 2019                              Decided:  October 1, 2019

Before KEENAN and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Troy Williams pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2012). In his plea agreement, Williams waived all rights to contest his conviction and any sentence within or below the advisory Sentencing Guidelines range, except for claims of ineffective assistance of counsel and prosecutorial misconduct. The district court imposed a below-Guidelines-range sentence of 204 months' imprisonment.

On appeal, Williams contends that the district court erred by failing to order a competency evaluation to establish whether he was competent to provide reliable statements to law enforcement that were later used to determine the drug weight underlying the calculation of his Sentencing Guidelines range. Williams also argues that, even if competency were not an issue, the district court's use of the custodial statements to calculate his Guidelines range was erroneous because the statements are uncorroborated. Finally, Williams suggests that he was not competent to enter a guilty plea and that trial counsel was ineffective for failing to raise the issue of competency. The Government filed a motion to dismiss the appeal, arguing that Williams' claims are barred by the appeal waiver contained in his plea agreement.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope

2

of the waiver." *Id.* (internal quotation marks omitted). We conduct our assessment "by reference to the totality of the circumstances" surrounding the waiver. *Id.* (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that under the totality of the circumstances Williams knowingly and voluntarily waived his right to appeal. We further conclude that Williams' challenge to the district court's use of his custodial statements in calculating his Guidelines range fall squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss with respect to Williams' sentence.

To the extent that Williams questions his competency to enter a guilty plea, that issue falls outside the waiver's scope. *See Pate v. Robinson*, 383 U.S. 375, 384 (1966); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). "We review a court's failure to conduct a competency hearing or evaluation for abuse of discretion." *United States v. Torrez*, 869 F.3d 291, 321 (4th Cir. 2017). "To prevail, the defendant must establish that the trial court ignored facts raising a bona fide doubt regarding competency." *Id.* at 322 (internal quotation marks omitted). "The well-established test for competence is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual

3

understanding of the proceedings against him." *Id.* (internal quotation marks omitted). "[P]roof of a defendant's irrational behavior, his demeanor [in court], and any prior medical opinion on competence to stand trial are all relevant." *Walton v. Angelone*, 321 F.3d 442, 459 (4th Cir. 2003) (internal quotation marks omitted). The fact that a defendant "appear[s] to be of low intelligence and [has] several mental disorders" does not automatically render him incompetent. *United States v. Robinson*, 404 F.3d 850, 858 (4th Cir. 2005).

Here, there is no evidence that Williams behaved irrationally or appeared not to understand what was happening at any point during the investigation or court proceedings. To the contrary, Williams clearly and consistently stated that he understood the rights he was relinquishing, and defense counsel and counsel for the Government repeatedly stated that they had no doubts about Williams' competency. We conclude that the district court did not abuse its discretion in finding Williams competent to enter a guilty plea without ordering a competency evaluation. We therefore affirm Williams' conviction.

To the extent that Williams raises on appeal a claim of ineffective assistance of trial counsel, we decline to address this issue. Williams should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion, because ineffective assistance is not conclusively established by the record before us. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

Accordingly, we grant the Government's motion to dismiss in part, dismiss the appeal in part, and affirm the district court's judgment in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4