**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4021**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

BILLY MARLOW,

     Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:15-cr-00018-JPJ-PMS-15)

Submitted:  August 10, 2017         Decided:  August 17, 2017

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia, for Appellant. Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Marlow seeks to appeal his conviction and sentence. Marlow's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising four issues but concluding that they are encompassed within Marlow's waiver of the right to appeal included in the plea agreement and that there are no meritorious grounds for appeal. Marlow has filed a pro se supplemental brief arguing that he did not knowingly and voluntarily agree to receive a particular sentencing enhancement. The Government has moved to dismiss the appeal as barred by the appeal waiver. We dismiss the appeal.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (internal quotation marks and citation omitted); *see United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014) ("'A plea agreement, like any contract, allocates risk.'") (citation omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Id.* (internal quotation marks and citations omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted).

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Marlow knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issues that he seeks to appeal are within the scope of the waiver. Moreover, in accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*