**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4087**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO ANTHONY SHAKELLWOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:16-cr-00063-BO-1)

Submitted: August 8, 2017                    Decided: August 25, 2017

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, G. Alan DuBois, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Ricardo Shakellwood pled guilty to illegal reentry by an aggravated felon, 8 U.S.C. § 1326(a), (b)(2) (2012). He was sentenced to 48 months in prison. Shakellwood appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that a 12-level enhancement to Shakellwood's base offense level was inappropriate. Shakellwood has filed a pro se supplemental brief raising this and other issues. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. Shakellwood opposes the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal

2

quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

In his plea agreement, Shakellwood agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guidelines range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

At his Rule 11 hearing, Shakellwood informed the court that he was 52 and had completed the 11th grade. He was not under the influence of drugs or alcohol. Shakellwood expressed satisfaction with his lawyer, with whom he had adequately consulted. He understood the rights he was waiving by pleading guilty. He also understood the charge against him and the penalty he faced. Shakellwood stated that he had read and signed the plea agreement, no one had forced or pressured him to plead guilty, and his decision to plead guilty was his alone. The district court reviewed the plea

3

agreement and specifically discussed the terms of the appellate waiver. Shakellwood stated that the court's summary was accurate. He admitted his guilt.

In light of his representations in open court, we are not persuaded by Shakellwood's claims in his pro se brief that he was forced to sign the plea agreement against his better judgment and forfeited his right to appeal against his will. Further, based on the totality of the circumstances, we conclude that Shakellwood's waiver of the right to appeal is valid and enforceable. Most importantly, the court substantially complied with the requirements of Rule 11 and questioned Shakellwood about the appellate waiver. Additionally, Shakellwood was familiar with the plea agreement, in which the waiver was clearly set forth in a separate paragraph.

B

Under *Blick*, the next question is whether the issues Shakellwood seeks to raise on appeal fall within the scope of the waiver. We conclude that they do. Shakellwood contends that a 12-level enhancement of his base offense level was erroneous, the sentencing court incorrectly described marijuana that he had trafficked in as "high-grade," and the court ignored his cooperation with authorities when it imposed the sentence. These sentencing issues are clearly encompassed by the waiver.

II

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we grant the motion to dismiss the appeal. This court requires that counsel inform Shakellwood, in writing, of the right to petition the Supreme Court of the United States for further review. If Shakellwood requests that a

4

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shakellwood. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*