**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4492**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

YANCEY KEVON WILSON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Chief District Judge.  (3:16-cr-00801-TLW-1)

Submitted:  March 9, 2018                      Decided:  March 14, 2018

Before TRAXLER, DUNCAN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert William Mills, ROBERT W. MILLS, ATTORNEY AT LAW, Columbia, South Carolina, for Appellant.  Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yancey Kevon Wilson seeks to appeal his sentence after pleading guilty. The Government has moved to dismiss the appeal as barred by Wilson's appeal waiver. Wilson's attorney has filed an opposition to the Government's motion to dismiss and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking to raise sentencing claims and raising the issue of whether his appeal waiver applies to those claims, but concluding that there are no meritorious grounds for appeal. Wilson was notified of his right to file a pro se supplemental brief but has not done so. We dismiss the appeal.

"'A plea agreement, like any contract, allocates risk.'" *United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014) (citation omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that the Government breached its obligations under the plea agreement, the waiver will be enforced to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *Archie*, 771 F.3d at 221 (citations omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted).

Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Wilson knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issues that he seeks to appeal fall within the scope of the waiver. Moreover, in accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*