**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4304

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALCOLM JARREL HARTLEY, a/k/a Silent, a/k/a Bloody Silent,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00229-MOC-6)

Submitted: July 23, 2018                                     Decided: July 31, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Anthony Joseph Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Malcolm Jarrel Hartley pled guilty to: RICO conspiracy, 18 U.S.C. §§ 1962(a), (d) (2012) (Count One); two counts of murder in aid of racketeering, 18 U.S.C. § 1959(a)(1) (2012), and two counts of using or carrying a firearm during a crime of violence resulting in death, 18 U.S.C. §§ 924(c), (j)(1) (2012). Hartley was sentenced to life in prison on each count. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement, and Hartley opposes the motion. We grant the motion and dismiss the appeal.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether

2

the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

At his Rule 11 hearing, Hartley informed the court that he was not under the influence of alcohol, drugs, or medicine of any kind. His mind was clear. He understood the charges against him and the penalties he faced, admitted his guilt and stated that he wished to plead guilty. He stipulated that the factual basis filed with the court was accurate. Hartley denied being threatened, coerced, or intimidated into pleading guilty and stated that no promises other than those in the plea agreement had induced his plea. He stated that he had reviewed the entire agreement with counsel and that he understood the agreement. Hartley expressed satisfaction with the services of counsel. Our review of the hearing transcript discloses substantial compliance with Rule 11.

Hartley's plea agreement provided in a separate paragraph, "The defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or sentence except for claims of: (1) ineffective assistance of counsel or (2) prosecutorial misconduct." At the Rule 11 hearing, the Assistant U.S. Attorney summarized the agreement, stating about the waiver-of-appellate-rights provision, "[H]e's . . . agreed to waive all of his appellate

3

rights save those explicitly reserved by the plea agreement, those being claims of ineffective assistance of counsel or prosecutorial conduct." Hartley said that the summary of the plea agreement was accurate. The court then asked Hartley, "Has your right to appeal your conviction and/or sentence been expressly waived in the plea agreement?" Hartley replied, "Yes."

We conclude, based on the totality of the circumstances, that Hartley knowingly and intelligently waived his right to appeal. Notably, the waiver provision was clearly and unambiguously set forth in a separate paragraph of the plea agreement, and the court questioned Hartley about the waiver during the Rule 11 hearing. Accordingly, the waiver is valid and enforceable.

B

In his brief, Hartley argues that the plea is invalid because the court did not specifically question him at the Rule 11 hearing about a provision in the plea agreement tying his plea to that of a codefendant. This issue clearly falls within the scope of the appellate waiver. *See Blick*, 408 F.3d at 169.

II

We accordingly grant the motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*