**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4288**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AL SAMUEL LAWSON, a/k/a Four-Four,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:16-cr-00291-JKB-1)

Submitted: January 25, 2019                    Decided:  February 8, 2019

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Al Samuel Lawson pled guilty to sex trafficking of a minor, 18 U.S.C. § 1591(a) (2012), and was sentenced to 168 months in prison. Lawson appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Lawson has filed a pro se supplemental brief raising an additional issue. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. We grant the motion to dismiss the appeal in part and affirm in part.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver

2

language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

Lawson's plea agreement provided in a separate paragraph:

The Defendant knowingly waives all right . . . to appeal the Defendant's conviction. . . . The Defendant . . . knowingly waive[s] all right . . . to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

At his Fed. R. Crim. P. 11 hearing, Lawson informed the court that he was 31, had a high school diploma and some college, and was not under the influence of drugs or alcohol. Lawson expressed complete satisfaction with the services of his attorneys. He understood the rights he was waiving by pleading guilty. He also understood the charges against him and the penalties he faced. Lawson stated that he had read and signed the plea agreement, which he had discussed with his attorneys and understood. The district court reviewed the plea agreement and specifically inquired about the appellate waiver.

3

Lawson acknowledged that he had waived his right to appeal both his conviction and his sentence. He admitted his guilt.

Based on the totality of the circumstances, we hold that the waiver was knowingly and intelligently entered. The court fully complied with the requirements of Rule 11 and questioned Lawson at the Rule 11 hearing about the waiver. Additionally, Lawson stated that he understood the plea agreement, which clearly set forth the appellate waiver. We conclude that the waiver is valid and enforceable.

B

In the *Anders* brief, counsel questions whether Lawson admitted all elements of the offense and whether the sentence was reasonable.[*] In his supplemental pro se brief, Lawson contends that the district court improperly denied a motion to suppress. These issues clearly fall within the scope of the waiver. *See Blick*, 408 F.3d at 169.

II

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we grant the motion to dismiss the appeal in part and affirm in part. This court requires that counsel inform Lawson, in writing, of the right to petition the Supreme Court of the United States for further review. If Lawson requests that a petition be filed, but counsel believes that such a petition would be

---

[*] Because ineffectiveness of counsel does not conclusively appeal on the face of the record, the claim in the *Anders* brief that defense counsel were ineffective is not cognizable on appeal. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lawson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*