**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4503

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN JAKELYN WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:14-cr-00217-RJC-DCK-1)

Submitted: January 31, 2019                    Decided: February 15, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Jakelyn Williams pled guilty, pursuant to a written plea agreement, to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). In his plea agreement, Williams waived all rights to contest his conviction and sentence, except for claims of ineffective assistance of counsel and prosecutorial misconduct.

On appeal, Williams claims that (1) the district court erred in denying Williams' requests for new counsel, and (2) the district court erred in granting the Government's request for an upward-variant sentence and denying Williams' request for a downward-variant sentence. Williams does not expressly raise a claim of ineffective assistance of counsel; however, there is a lengthy discussion in his opening brief of the burden for bringing an ineffective assistance of counsel claim on direct appeal. The Government filed a motion to dismiss the appeal, arguing that Williams' claims are barred by the appeal waiver and that Williams' theory of ineffective assistance of counsel should be dismissed "because the record does not conclusively establish that the performance of his attorney was constitutionally deficient." (Mot. to Dismiss at 1).

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Id.* (internal quotation marks omitted). We conduct our assessment "by reference to the totality of the circumstances" surrounding the waiver. *Id.*

(internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that under the totality of the circumstances Williams knowingly and voluntarily waived his right to appeal. We further conclude that Williams' second claim—that the district court erred in granting the Government's request for an upward variance and denying Williams' request for a downward variance—falls squarely within the scope of the appeal waiver.

But Williams' first claim—that the district court erroneously denied his requests for new counsel—falls outside the scope of the waiver. A general appeal waiver does not waive a defendant's right to appeal on the ground that the proceedings were conducted in violation of the Sixth Amendment right to counsel, *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994), and the erroneous denial of a motion to appoint substitute counsel is a "constructive denial of counsel," *United States v. Smith*, 640 F.3d 580, 593 (4th Cir. 2011).

Although Williams' claim is not barred by the appeal waiver, we nonetheless conclude that it is meritless. We review the denial of a motion for new counsel for abuse of discretion. *United States v. Horton*, 693 F.3d 463, 466 (4th Cir. 2012). In doing so,

[we] consider[] three factors to determine whether the initial appointment [of counsel] ceased to constitute Sixth Amendment assistance of counsel: (1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in a total lack of communication preventing an adequate defense.

*Id.* at 467 (internal quotation marks omitted). After a review of the record, we conclude that, on each occasion Williams either sought new counsel or complained about the ineffectiveness of his counsel, the court adequately inquired into Williams' concerns and correctly determined that the communication breakdown was not so great as to prevent an adequate defense. *See id.* Therefore, this claim entitles Williams to no relief.

Accordingly, we grant the Government's motion to dismiss in part, dismiss the appeal in part, and affirm the district court's judgment in part. To the extent Williams intended to raise on appeal the issue of ineffective assistance of trial counsel, we decline to address it. Williams should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion because ineffective assistance is not conclusively established by the record before us. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). We deny Williams' motion for leave to file a pro se supplemental brief because counsel has filed a brief on the merits. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4