**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4564**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AVERY TERRY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
George L. Russell, III, District Judge. (1:14-cr-00355-GLR-1)

Submitted: November 27, 2019                    Decided: January 6, 2020

Before FLOYD and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Meghan Skelton, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Stephen Santulli, Student Law Clerk, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avery Terry pled guilty, pursuant to a written plea agreement, to interfering with commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (2012), using and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2012), and accessory after the fact to robbery, in violation of 18 U.S.C. § 3 (2012). The district court sentenced Terry to 97 months' imprisonment for Hobbs Act robbery and for accessory after the fact to robbery, and to 84 months' imprisonment for brandishing a firearm during a crime of violence, to be served consecutively. Terry appeals his § 924(c) conviction, arguing that Hobbs Act robbery is not a crime of violence as defined in § 924(c). The Government moves to dismiss this appeal pursuant to an appellate waiver contained in Terry's plea agreement. We grant the Government's motion.

This court "review[s] the validity of an appeal waiver de novo." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). When the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we enforce the waiver if the record establishes (1) that the defendant knowingly and intelligently waived his right to appeal and (2) that the issues raised on appeal fall within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005). This court will, however, "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted). "A proper showing of 'actual innocence' is sufficient

to satisfy the 'miscarriage of justice' requirement." *Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009).

Regarding whether Terry's appellate waiver was knowing and intelligent, Terry argues only that the "knowingness of the waiver is . . . questionable" given that he waived his appeal rights prior to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (2012), unconstitutionally vague). Nothing in *Johnson*, however, impacted the offense of Terry's conviction or his sentence. Terry raises no other argument that his waiver was not knowing and intelligent.

The gravamen of Terry's appeal is that Hobbs Act robbery is not a crime of violence, and he therefore cannot be convicted of brandishing a firearm in furtherance of a crime of violence. He argues that this claim is outside of the scope of his appellate waiver because it concerns the district court's jurisdiction and he is actually innocent of the § 924(c) offense. Section § 924(c) contains two independent clauses defining a crime of violence: the "force clause" in 18 U.S.C. § 924(c)(3)(A), and the "residual clause" in 18 U.S.C. § 924(c)(3)(B). In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause of § 924(c) is unconstitutionally vague. The force clause, however, remains valid, and this court recently held, post-*Davis*, that "Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)." *Mathis*, 932 F.3d at 266. In light of *Mathis*, Terry fails to make a showing of actual innocence. Terry's waiver of appellate rights was knowing and voluntary, and it encompasses the § 924(c) claim he seeks to raise on appeal.

Accordingly, we remove this appeal from abeyance[*] and grant the Government's motion to dismiss the appeal. We further deny Terry's motion to withdraw, relieve, or substitute counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] We previously placed this appeal in abeyance for No. 15-4433, *United States v. Ali*. In light of our decision in *Mathis*—which disposes of Terry's argument that Hobbs Act robbery does not qualify as a crime of violence under the force clause of § 924(c)— we remove this appeal from abeyance.