**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4832**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

ROBERT M. BOSTON,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00114-RJC-DSC-1)

Submitted: January 29, 2020　　　　　　　　　　　Decided: April 21, 2020

Before DIAZ, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Taylor J. Phillips, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert M. Boston appeals his conviction and sentence for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (2018), wire fraud in violation of 18 U.S.C. § 1343 (2018), securities fraud in violation of 15 U.S.C. §§ 78j, 78ff (2018), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2018). The offenses stem from Boston's tenure as the Chairman of the Board and Chief Executive Officer of Zloop, a company specializing in recycling electronics. On appeal, he argues that the district court erred in denying his third motion for a continuance, in denying his motions for a mistrial, in instructing the jury on wire fraud, in applying sentencing enhancements for amount of loss and a leadership role, and in calculating restitution. We affirm.

"We review the denial of a motion for a continuance for abuse of discretion." *United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013). "'[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" *United States v. Williams*, 445 F.3d 724, 738-39 (4th Cir. 2006) (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). Even where this broad discretion has been abused, "the defendant must show that the error specifically prejudiced his case in order to prevail" on appeal. *Copeland*, 707 F.3d at 531 (brackets and internal quotation marks omitted).

The district court's denial of Boston's third motion for a continuance was not "unreasoning and arbitrary." *Williams*, 445 F.3d at 739. Boston requested the additional continuance based on the scope of discovery in the case. The court noted that the

2

Government timely provided discovery to Boston and that postponement would not serve judicial, governmental, or public interests. Further, Boston has not sufficiently established that he was specifically prejudiced by the denial of the motion. Accordingly, we conclude that the district court did not abuse its discretion in denying the third motion for a continuance.

Boston next argues that the district court erred in denying his motions for a mistrial after admitting evidence of prior bankruptcy and fraud complaints against Boston. We review a district court's denial of a motion for a mistrial for abuse of discretion. *United States v. Johnson*, 587 F.3d 625, 631 (4th Cir. 2009). For a court's denial of a motion for a mistrial to amount to an abuse of its discretion, the defendant must show prejudice; prejudice does not exist, however, "if the jury could make individual guilt determinations by following the court's cautionary instructions." *United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008). When limiting instructions are given, "[w]e presume that juries follow such instructions." *Johnson*, 587 F.3d at 631.

We additionally review a district court's evidentiary rulings for an abuse of discretion and will only overturn a ruling that is arbitrary and irrational. *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir.) (citation omitted), *cert. denied*, 140 S. Ct. 269 (2019). Even if there is error, "we will not vacate a conviction if an error was harmless." *United States v. Sutherland*, 921 F.3d 421, 429 (4th Cir. 2019) (citation omitted), *petition for cert. filed*, No. 19-433 (U.S. Oct. 2, 2019). "Federal Rule of Evidence 404(b)(1) prohibits evidence of a 'crime, wrong, or other act' from being used 'to prove a person's character.'" *Id.* "But the rule does not prohibit such evidence from being used for another purpose,

3

such as, for example, proving motive, opportunity, or intent"; and it "does not affect the admission of evidence that is 'intrinsic to the alleged crime.'" *Id.* at 430 (citations omitted). Evidence is intrinsic if it involves the same series of transactions or "is necessary to complete the story of the crime on trial." *Id.* (citations and quotation marks omitted). Even where it is extrinsic, evidence may be admitted where it is (1) relevant to an issue other than character; (2) necessary; (3) reliable; and (4) its probative value is not substantially outweighed by confusion or unfair prejudice. *United States v. Hall*, 858 F.3d 254, 256 (4th Cir. 2017) (citations omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion in admitting the bankruptcy and fraud complaints. The evidence included information intrinsic to the Government's case in establishing a conspiracy and showing Boston's intent to defraud. The evidence was also relevant, necessary, and reliable; and its probative value was not substantially outweighed by the risk of unfair prejudice. Boston also has not overcome the presumption that the jury appropriately considered this evidence in light of the limiting instructions given by the district court. Accordingly, we conclude that the district court did not abuse its discretion in denying Boston's motions for a mistrial.

Boston next challenges the district court's jury instruction on wire fraud. Because he did not object to the instruction in the district court, we review this issue for plain error. *See United States v. Hale*, 857 F.3d 158, 172 (4th Cir. 2017). Therefore, to prevail on appeal, he "must show: (1) there was an error; (2) the error was 'clear or obvious, rather than subject to reasonable dispute;' (3) 'the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court's proceedings;' and

4

(4) 'the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

Boston fails to make the required showing. Boston objects to the court's instruction that the Government was required to prove beyond a reasonable doubt that "the defendant knowingly engaged in a scheme to defraud." (J.A. 1172). ["T]o convict a person of mail fraud or wire fraud, the government must show that the defendant (1) devised or intended to devise a scheme to defraud and (2) used the mail or wire communications in furtherance of the scheme." *United States v. Wynn*, 684 F.3d 473, 477 (4th Cir. 2012). Additionally, "[t]o establish a scheme to defraud, the government must prove that the defendant acted with the specific intent to defraud." *Id.* at 478 (brackets, emphasis, and internal quotation marks omitted). Further, while "the intentional devising of a scheme is not an essential element of . . . wire fraud," *U.S. v. Manion*, 339 F.3d 1153, 1156 (9th Cir. 2003), "[i]t has long been settled . . . that anyone who knowingly and intentionally participates in the execution of the fraudulent scheme comes within the prohibition of the [mail and wire fraud] statute[s]," *United States v. Perkal*, 530 F.2d 604, 606 (4th Cir. 1976) (quotation marks omitted).[*] We therefore conclude that even if the court's instruction was error, Boston cannot prove that the alleged error negatively affected his substantial rights.

---

[*] While *Perkal* addresses the mail fraud statute, 18 U.S.C. § 1341 (2018), and not the wire fraud statute, 18 U.S.C. § 1343, "[i]t is well recognized that the wire fraud statute, patterned on the mail fraud act, was meant to receive like interpretation." *United States v. Computer Scis. Corp.*, 689 F.2d 1181, 1188 n.14 (4th Cir. 1982), *overruled on other grounds by Busby v. Crown Supply Inc.*, 896 F.2d 833 (4th Cir. 1990).

Therefore, we conclude that the district court did not reversibly err in instructing the jury on this point.

Boston also challenges the reasonableness of his sentence. We review the sentence for reasonableness using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2018] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. "In assessing a Guidelines enhancement, we review findings of fact for clear error and legal decisions de novo." *United States v. Chandia*, 675 F.3d 329, 337 (4th Cir. 2012) (internal quotation marks omitted). If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Boston first argues procedural error based on the district court's imposition of a 22-level upward adjustment, pursuant to U.S. Sentencing Guidelines Manual

§ 2B1.1(b)(1)(L) (2016), because the loss amount reasonably foreseeable to Boston exceeded $25,000,000. Boston challenges the court's loss calculation.

We review a district court's factual determination of the amount of loss for clear error. *United States v. Jones*, 716 F.3d 851, 859-60 (4th Cir. 2013). "[T]he court 'need only make a reasonable estimate of the loss.'" *United States v. Cloud*, 680 F.3d 396, 409 (4th Cir. 2012) (quoting USSG § 2B1.1 cmt. n.3(C)). When calculating loss for purposes of USSG § 2B1.1, "loss is the greater of actual loss or intended loss." USSG § 2B1.1 cmt. n.3(A). Here, the district court relied on "actual loss," defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." USSG § 2B1.1 cmt. n.3(A)(i). "Reasonably foreseeable pecuniary harm" is "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." USSG § 2B1.1 cmt n.3(A)(iv). The Government must establish the amount of loss by a preponderance of evidence. *United States v. Catone*, 769 F.3d 866, 876 (4th Cir. 2014).

The district court's loss calculation was not clearly erroneous. Under the evidence presented at trial, the Government proved, by a preponderance of the evidence, that approximately $27,000,000 in losses were foreseeable to Boston. Boston asserts that most of these losses should be excluded, as those losses were attributable to a single victim, Kendall Mosing. He argues that Mosing's losses were not causally related to the fraud scheme and that Mosing was a coconspirator whose losses should have been excluded from the total loss amount.

7

The district court appropriately included Mosing's losses. Boston made false material representations to induce Mosing to invest, and the false representations or omissions occurred throughout the scheme. Further, Boston's assertion that Mosing's investments in Zloop were unrelated to fraudulent franchise disclosure documents is unsupported by the evidence presented at trial. Boston's attempt to cast Mosing as a coconspirator and therefore not a victim is similarly unavailing. We conclude that the sentencing court did not clearly err in calculating the amount of loss attributable to Boston.

Boston also challenges the two-level leadership role enhancement that the court applied under USSG § 3B1.1(c). He argues that the evidence introduced at trial did not support that he led, managed, or directed Robert LaBarge, another participant in the offenses, to defraud franchisees, and that he did not direct Mosing to make fraudulent representations to secure a line of credit.

If the defendant was an organizer, leader, manager, or supervisor in criminal activity that involved fewer than five people, the court should apply a two-level enhancement to the base offense level. USSG § 3B1.1(c). In determining whether to apply an enhancement for a defendant's leadership role, a court should consider: the defendant's exercise of decision making authority, the nature of his participation in the offense, recruitment of others, any claimed right to a larger share of the profits, the degree of participation in planning of the offense, the nature and scope of the offense, and the degree of control and authority exercised over others. *United States v. Agyekum*, 846 F.3d 744, 752 (4th Cir. 2017) (citing USSG § 3B1.1 cmt. n.4).

We discern no error by the district court. The trial evidence showed that Boston had a controlling role in the omission of material information from franchise disclosure documents relative to LaBarge. LaBarge testified that Boston directed him to ignore the issues LaBarge raised about the omissions and to fraudulently remove information about Boston's prior bankruptcy. Trial testimony uniformly demonstrated that Boston held the key decision-making role within Zloop. Therefore, the district court did not err in imposing the enhancement.

Finally, Boston claims that the court abused its discretion in ordering restitution payable to Mosing. He argues that Mosing's losses were not causally related to the fraud, that Mosing was a coconspirator, and that Mosing's losses should have been limited to the loss suffered by a financial institution in connection with a loan that Mosing took out to benefit Zloop.

We review an order of restitution for abuse of discretion. *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018). The Mandatory Victims Restitution Act of 1996 directs a sentencing court, when sentencing a defendant convicted of certain categories of offenses, including "an offense against property," to order "that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii) (2018). The Government must establish an appropriate amount of restitution by a preponderance of the evidence. *Steele*, 897 F.3d at 614 n.5.

After reviewing the record, we conclude that the district court did not abuse its discretion in ordering Boston to pay restitution to Mosing. Mosing qualified as a victim under the MVRA because he was "directly and proximately harmed as a result" of the

9

fraud. *See* 18 U.S.C. § 3663A(a)(2). Mosing received a fraudulent Franchise Disclosure Document prior to investing in Boston's company or purchasing a franchise. Any argument that Mosing was a participant, and not a victim, fails because the fraudulent activity related to Mosing's loan was directed by and based on Boston's fraudulent representations. Boston's argument regarding the limits of Mosing's loss as limited to the loss sustained by the bank is without merit. Further, Boston offers no authority to support his contention that a third-party prayer for relief in Patriot Bank's civil action against Zloop obligates the court to a set amount and limits the restitution that a district court may impose. Accordingly, the court did not abuse its discretion in imposing and determining restitution.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*