**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-4012

_____

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　v.

NOSAKHARE PETER OBAMOGIE,

　　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:19-cr-00338-DKC-1)

_____

Submitted:  April 30, 2026　　　　　　　　　　　　Decided:  May 27, 2026

_____

Before RUSHING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  Darren Spencer Gardner, Elizabeth G. Wright, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nosakhare Peter Obamogie pled guilty, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. The district court sentenced him to 15 months' imprisonment followed by one year of supervised release. On appeal, Obamogie's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of Obamogie's term of imprisonment, whether Obamogie's plea is valid, whether trial counsel rendered ineffective assistance, and whether the written conditions of supervised release match the district court's oral pronouncement at sentencing. Although notified of his right to file a supplemental pro se brief, Obamogie has not done so. The Government has moved to dismiss Obamogie's appeal as barred by the appeal waiver in his plea agreement. We affirm in part and dismiss in part.

The appeal waiver in the plea agreement does not preclude our review of the validity of the guilty plea or the waiver of appellate rights in the plea agreement. *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because Obamogie did not move to withdraw his plea or object to the plea hearing in the district court, our review of the validity of the plea is for plain error. *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025).

When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the possible consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises

2

extrinsic to the plea agreement and that a factual basis exists for the plea.  Fed. R. Crim. P. 11(b)(2), (3).  "A properly conducted [Fed. R. Crim. P.] 11 colloquy raises a strong presumption that the plea is final and binding." *Taylor-Sanders*, 88 F.4th at 522 (citation modified).  Here, the district court substantially complied with Rule 11, making one minor omission that did not affect Obamogie's substantial rights, and otherwise conducted a thorough plea colloquy before accepting Obamogie's guilty plea.  The transcript of the Rule 11 hearing establishes that Obamogie was competent and that his plea was knowing, voluntary, and supported by an independent factual basis.  Obamogie's guilty plea is therefore valid.

Next, we review an appeal waiver de novo to determine its enforceability.  *United States v. Smith*, 134 F.4th 248, 255-57 (4th Cir. 2025).  "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal."  *Id.* at 257 (internal quotation marks omitted).  "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid [and enforceable]."  *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023) (citation modified).  "When[, as here,] the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within its scope."  *Id.* (citation modified).

Upon review of the record and considering the totality of the circumstances, we conclude that Obamogie knowingly and voluntarily waived his appellate rights.  And Obamogie's challenge to the reasonableness of his sentence falls squarely within the scope

3

of his valid appeal waiver. *See United States v. Copeland*, 707 F.3d 522, 529 (4th Cir. 2013) (noting that sentencing challenges generally fall within scope of valid appeal waivers).

Although Obamogie's sentencing claims are barred by the waiver, his claim of ineffective assistance of counsel is not so barred. "But claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance." *United States v. Perry*, 92 F.4th 500, 517 (4th Cir. 2024) (citation modified). Otherwise, an ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc). We have reviewed the record and conclude that ineffective assistance does not conclusively appear on the face of the present record. Thus, Obamogie's claims are not cognizable in this direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that are not barred by the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to any issues that fall within the valid waiver's scope. We also affirm as to any issue not encompassed by the waiver.[*] This court requires that counsel inform Obamogie, in writing, of the right to petition the Supreme Court of the United States for further review. If

---

[*] To the extent that there is a discrepancy between the orally pronounced terms of supervised release and the terms of supervised release written in the criminal judgment, we decline to recognize it at this time because Obamogie has served his term of supervised release and is no longer subject to those conditions.

4

Obamogie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Obamogie.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5